**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LAMAR STEWART, | No. 11-55091 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00844-IEG-WMC |
| v. | |
| CITY OF SAN DIEGO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted March 12, 2013[**]

Before:     PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Michael Lamar Stewart appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging various constitutional violations.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998). We affirm.

The district court properly granted summary judgment on Stewart's claim alleging that Officer Rowlett illegally searched his person and his vehicle because Stewart failed to raise a genuine dispute of material fact as to whether Officer Rowlett had probable cause to make a warrantless arrest. *See United States v. Martin*, 509 F.2d 1211, 1213 (9th Cir. 1975) (in determining whether there is probable cause to make a warrantless arrest, courts consider "all the facts known to the officers and consider all the reasonable inferences that could be drawn by them before the arrest"); *see also United States v. Osife*, 398 F.3d 1143, 1145 (9th Cir. 2005) (when officers arrest an occupant of a vehicle, they may search the arrestee's person and the entire passenger compartment of the car).

The district court properly granted summary judgment on Stewart's claims alleging that Officer Rowlett caused him to crash his vehicle into a lightpole and that various city officials assisted in "covering up" the incident because Stewart failed to raise a genuine dispute of material fact as to whether any defendant violated any federal right. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a party opposing summary judgment may not rely solely on conclusory allegations unsupported by factual data); *see also Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (citation and internal quotation marks omitted)).

Stewart's contentions concerning discovery lack merit.

All pending motions are denied.

**AFFIRMED.**

11-55091